**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-26-00268-CV**
_____

**IN RE SCOTT MITCHELL OBEGINSKI**

_____

**Original Proceeding**
**284th District Court of Montgomery County, Texas**
**Trial Cause No. 24-11-18234**

_____

**MEMORANDUM OPINION**

Scott Mitchell Obeginski filed an Emergency Petition for Writ of Mandamus and Emergency Motion for Temporary Relief Regarding July 2, 2026 Order Denying Execution-Control Relief and Refusing to Decide Chapter 52 Predicate Issue. This is the tenth petition in which Obeginski has applied for mandamus relief related to Trial Cause Number 24-11-18234. *See In re Obeginski*, No. 09-26-00263-CV, 2026 WL _____, at *1 (Tex. App.—Beaumont July 6, 2026, orig. proceeding) (mem. op.); *In re Obeginski*, No. 09-26-00194-CV, 2026 WL 1597547, at *1 (Tex. App.—Beaumont June 4, 2026, orig. proceeding) (mem. op.); *In re Obeginski*, No. 09-26-

1

00173-CV, 2026 WL 1218120, at *1 (Tex. App.—Beaumont May 4, 2026, orig. proceeding [mand. denied]) (mem. op.); *In re Obeginski*, No. 09-26-00057-CV, 2026 WL 696780, at *1 (Tex. App.—Beaumont March 12, 2026, orig. proceeding) (mem. op.); *In re Obeginski*, No. 09-26-00071-CV, 2026 WL 471827, at *1 (Tex. App.—Beaumont Feb. 18, 2026, orig. proceeding) (mem. op.); *In re Obeginski*, No. 09-25-00480-CV, 2025 WL 3520514, at *1 (Tex. App.—Beaumont Dec. 4, 2025, orig. proceeding [mand. denied]) (mem. op.); *In re Obeginski*, No. 09-25-00476-CV, 2025 WL 3291983, at *1 (Tex. App.—Beaumont Nov. 26, 2025, orig. proceeding [mand. denied]) (mem. op.); *In re Obeginski*, No. 09-25-00413-CV, 2025 WL 3237077, at *1 (Tex. App.—Beaumont Nov. 20, 2025, orig. proceeding [mand. denied]) (mem. op.); *In re Obeginski*, No. 09-25-00374-CV, 2025 WL 2921844, at *1 (Tex. App.—Beaumont Oct. 14, 2025 [mand. denied]).

This time, Relator claims the trial court abused its discretion by denying his request to quash an execution sale without first deciding whether the judgment creditor filed a valid application for an abstract of judgment. *See* Tex. Prop. Code Ann. § 52.002(a) ("On application of a person in whose favor a judgment is rendered or on application of that person's agent, attorney, or assignee, . . . the clerk of the court in which the judgment is rendered shall prepare, certify, and deliver to the applicant an abstract of the judgment."). Relator argues the abstract of judgment is invalid because the application identifies the judgment creditor as "Josh Want Real

Estate Group LLC" when the actual name of the judgment creditor is Joshua Want Real Estate Group, LLC. Relator cites a case that holds substantial compliance with the statutory requirements of section 52.003 is mandatory before a judgment creditor's lien will attach to the judgment debtor's property located in the county where the abstract is filed. *See Citicorp Real Estate, Inc. v. Banque Arabe Internationale D'Investissement*, 747 S.W.2d 926, 929 (Tex. App.—Dallas 1988, writ denied). But the error Relator brought to the attention of the trial court is in the application, not the abstract of judgment, which correctly identified the name of the plaintiff. *See* Tex. Prop. Code Ann. § 52.003(a)(1). Relator argues the paper record for the application must match the abstract, but there is no record in this case that an actual stranger to the litigation filed a fraudulent application for an abstract of judgment.

Relator has not established his entitlement to mandamus relief. Accordingly, we deny the petition for a writ of mandamus and any motion for temporary relief. *See* Tex. R. App. P. 52.8(a); 52.10(a).

PETITION DENIED.

PER CURIAM

Submitted on July 7, 2026
Opinion Delivered July 7, 2026

Before Golemon, C.J., Wright and Chambers, JJ.

3